IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SYLVIA OLVERA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No. CIV-11-775-L |
| v. | ) |
| | ) |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF THE | ) |
| SOCIAL SECURITY | ) |
| ADMINISTRATION, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff brings this action for judicial review of the final decision by the Commissioner of the Social Security Administration (SSA) denying her applications for disability insurance benefits (DIB) and supplemental security income benefits (SSI). This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). The Commissioner has answered and filed the administrative record (TR.___). The parties have briefed their positions, and the matter is now at issue. For the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED for further proceedings.**

## PROCEDURAL HISTORY

Plaintiff filed her applications for SSI and DIB on November 28, 2007, alleging a disability beginning January 17, 2007 (TR. 14). The SSA denied her applications on initial consideration and again on reconsideration (TR. 14, 63-68). Pursuant to Plaintiff's

1

request, an Administrative Law Judge (ALJ) held a *de novo* administrative hearing on September 29, 2009 (TR. 26-62). The ALJ issued her decision on April 22, 2010, finding that Plaintiff was not entitled to DIB or SSI (TR. 14-21). The Appeals Council denied Plaintiff's request for review on May 13, 2011, and the ALJs decision became the final decision of the Commissioner (TR. 1-5).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## THE ADMINISTRATIVE DECISION

The ALJ followed the sequential evaluation process required by agency regulations. *See Fisher-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520; 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date (TR. 16). Proceeding to step two, the ALJ determined that Plaintiff had the following severe impairments: a back condition; obesity; bipolar disorder; and depression (TR. 16). At step three, the ALJ found that none of Plaintiff's impairments met or medically equaled any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 17).

The ALJ next determined Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), compromised as follows. The claimant is limited to simple tasks with routine supervision. She can interact appropriately with co workers and supervisors. She can adapt to work situations

(TR. 19). At step four, the ALJ compared Plaintiff's RFC with the physical and mental demands of her past relevant work (PRW). Relying on the testimony of a vocational expert (VE), the ALJ concluded that Plaintiff is able to perform her PRW as a cap inspector (TR. 20).

## ISSUES PRESENTED

On appeal to this Court, Plaintiff alleges that the ALJ (I) erred in that the RFC assessment is both legally flawed and unsupported by substantial evidence; (II) erred as

a matter of law by failing to conduct a proper step four analysis; and (III) erred in her analysis of Plaintiff's credibility.

## ANALYSIS

### I. The ALJ's RFC Assessment

Plaintiff contends that the ALJ's RFC is flawed because of internally inconsistent findings regarding limitations in social functioning and because the ALJ failed to discuss relevant evidence that did not support her RFC findings . These assertions of error are well taken.

At step two, the ALJ found Plaintiff's bipolar mental disorder and depression to be severe impairments (TR. 16). In her step-three determination that Plaintiff did not meet the listing for a mental impairment, the ALJ acknowledged that Plaintiff has at least moderate difficulties in social functioning (TR. 18). Additionally, the ALJ emphasized that Plaintiff had lost her previous job because of an altercation with her supervisor (TR. 16). In the RFC, however, the ALJ found that Plaintiff "can interact appropriately" with co-workers and supervisors (TR. 19). Thus, the RFC finding is inconsistent with the evidence the ALJ did discuss.

Moreover, the ALJ minimized Plaintiff's mental symptoms by relying on a portion of an Initial Psychiatric Evaluation dated December 30, 2008. (TR. 298-299). The ALJ included portions of the report in her decision, stating that Plaintiff exhibited a "pleasant and cooperative demeanor;" had "good grooming and hygiene;" exhibited "goal directed speech;" showed "no evidence of depersonalization or derealization;" demonstrated an "alert mental status;" exhibited "orientation in all spheres;" had an "adequate fund of

knowledge," and had "intact abstract reasoning" (TR. 17). The ALJ gave short shrift to Plaintiff's global assessment of functioning (GAF)[1] score of 40, (TR. 17), despite the fact that the Tenth Circuit Court of Appeals has recognized that:

> A GAF of 31-40 is extremely low, and indicates "some impairment in reality testing or communication" or "major impairment in several areas, such as work or school, family relations, judgment, thinking or mood." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders (DSM-IV) (4th ed. 2000) at 32.

*Salazar v. Barnhart*, 468 F.3d 615, 624 n. 4 (10th Cir. 2006).

The ALJ did not discuss the Psychiatric Review Technique form completed by Dr. Haisam Al-Khour on September 18, 2009. Dr. Al-Khour opined that Plaintiff met the Listing at 12.04 for affective disorders, finding that she had marked difficulties in maintaining social functioning and marked difficulties in maintaining concentration, persistence and pace (TR. 348). In his mental RFC, Dr. Al-Khour assessed marked limitations in the ability to interact appropriately with the general public; the ability to ask simple questions or request assistance; the ability to accept instructions and respond appropriately to criticism from supervisors; and the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes (TR. 353).

A reviewing court is charged with the duty to "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality [of the evidence] test has been met." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). "Substantial evidence" is "such relevant evidence

---

[1] A global assessment of functioning (GAF) score "is a subjective determination based on a scale of 1 to 100 of the clinician's judgment of the individual's overall level of functioning." *Salazar v. Barnhart*, 468 F.3d 615, 624 n. 4 (10th Cir.2006) (quotation omitted).

5

as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citations omitted). Although a court must not reweigh the evidence, it must, nevertheless, "remain mindful that '[e]vidence is not substantial if it is overwhelmed by other evidence in the record.'" *Wall v. Astrue*, 561 F.3d at 1052 (*quoting Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005)).

In this case, the ALJ relied primarily on evidence of Plaintiff's demeanor, observed in an initial evaluation. This evidence is controverted by the findings reported in the Psychiatric Review Technique form and the mental RFC. The ALJ did not discuss the latter evidence or state why she was rejecting it. Moreover, as Plaintiff points out, it is legal error for an ALJ to exclude mental limitations in an RFC, once a mental impairment has been classified as "severe" at step two. *See Hargis v. Sullivan,* 945 F.2d 1482, 1488 (10th Cir. 1991). Consequently, reversal and remand is necessary.

## II.    The ALJ's Step Four Analysis

Plaintiff contends that the ALJ failed to conduct a proper step four analysis. The fourth step of the sequential evaluation consists of three distinct phases.  First, the ALJ must evaluate the claimant's physical and mental RFC. Next, the ALJ must consider the physical and mental demands of the claimant's past relevant work. Finally, the ALJ must compare the demands of the claimant's past relevant work with the claimant's RFC. *See Doyal v. Barnhart*, 331 F.3d at 760.

As discussed above, the ALJ's mental RFC determination in this case is not supported by substantial evidence in the record.   But Plaintiff contends that the ALJ also

erred at the second phase of step four of the sequential evaluation process by relying on inaccurate testimony by the VE. This point, too, is well-taken.

Apparently relying on the testimony of the VE, the ALJ cited the Dictionary of Occupational Titles Code #763.684-010 as the appropriate code for Plaintiff's past relevant work as a "cap inspector" (TR. 20). In reality, this code corresponds with the occupation of "Assembly Inspector" in the "furniture and fixtures industry." *See* DOC §763.684-010, 1991 WL 680486. The strength rating of the job of "Assembly Inspector" is medium, a strength rating in excess of Plaintiff's physical RFC for light work, as determined by the ALJ, herself. As Plaintiff notes, the ALJ's citation of and apparent reliance on an incorrect occupational title indicates that the ALJ also failed to complete the third phase of step four of the sequential evaluation—the required function by function comparison of Plaintiff's past relevant work with the mental and physical demands of the Plaintiff's RFC. *See Bowman v. Astrue*, 511F.3d at 1273 (because ALJ failed to make the necessary findings at phase two, the ALJ was unable and failed to make the necessary "function by function" comparison between claimant's RFC and the demands of claimant's past work as required at phase three).

On remand, the ALJ should carefully execute the three-phased process at step four.

### III. The ALJ's Credibility Analysis

Plaintiff alleges that the ALJ erred in her credibility analysis. Because remand is necessary in this case, this Court need not consider the merits of this additional assignment of error.

In sum, the final decision of the Commissioner should be reversed and remanded for further proceedings because the ALJ's RFC is not supported by substantial evidence, and the ALJ's step-four analysis is legally and factually flawed.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **REVERSED AND REMANDED for further proceedings.**

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P.72. Any such objections should be filed with the Clerk of the District Court by **August 20, 2012**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 31st day of July, 2012.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE